

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:                    Opinion No. O-3746
                             Re: Disposition of fines and costs

Your request for an opinion of this department reads:

"The officers that work for the Railroad Commission in the Bus and Truck Division, have been working in this district, and while working here they have made several arrests.

"The defendants have been tried in our Justice of the Peace courts and the total of these fines is $38.50, which includes the costs of $13.50 and fine $25.00.

"These men tell us where the fine is $25.00, we are entitled to 15% of that money, to be retained by the county and prorated $2.50 to the District Attorney, $1.25 to the Constable, and $21.25 to the State of Texas.

"Please advise me if this $1.25 should not be placed to the credit of the general fund of the county, and not to the constable who is the arresting officer and has already received $4.50 as fees of office, which was included in the original charges against the defendant.

"Please advise me which is the proper distribution of this 15% that we retain out of the $25.00 fine."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You advise by supplemental letter that the constable involved is on the fee system and that he was present and assisted in making each arrest. We requested that you advise us what duty, if any, the constable performs in the collection of the fines and costs. You failed to furnish such information, and for the purpose of this opinion we will assume that the only duty performed by the constable was in making the arrest and that he was not called upon to render any service in making the collection of the fines and costs. You likewise advise that the defendant in each case was convicted of the offense of failure to have a certificate of public convenience and necessity from the Railroad Commission.

We do not in this opinion pass upon the question of the correctness of the item of $13.50 charged as costs in each case, but deal solely with the proper disposition of the $25.00 fine assessed in each case.

The District Attorney of your county is on the salary system and hence any commission that might have been earned and allowed should be deposited in the Officers' Salary Fund. See Article 3912e-Section 5, Revised Civil Statutes.

Article 950 of the Code of Criminal Procedure provides:

"The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

Such article has been held not to authorize commissions to the Justice of peace. McLennan County v. Boggess, 137 S. W. 346. Hence, the District Attorney is entitled to collect ten per cent of the fine of $25.00 or $2.50 to be deposited to the account of the Officers' Salary Fund.

Article 951 of the Code of Criminal Procedure provides:

"The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

Assuming, as heretofore stated, that the constable performed no duty in connection with the actual collection of the fines and costs and having already received his fees provided by law for services performed, he would not be entitled to any commission on the fines.

There is no provision in the statutes providing that the general fund of the county should receive any portion of the fines. The balance of the fine or $22.50 should be deposited to the credit of the State as provided by law.

Yours very truly

APPROVED AUG. 26, 1941          ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

                                By

FIRST ASSISTANT                      /s/ Lloyd Armstrong
ATTORNEY GENERAL                              Assistant

LA:GC

APPROVED OPINION COMMITTEE BY WRK CHAIRMAN